ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

ORIX FINANCIAL SERVICES, INC.,
formerly known as ORIX CREDIT
ALLIANCE, INC.,

                Plaintiff,      05 Civ. 10533 (RWS)

  -against-                    OPINION

AKRAM YOUNIS d/b/a AMERICAN DREAM
LIMOUSINE SERVICES, LYUDMILA
YOUNIS, and AMERICAN DREAM
LIMOUSINE SERVICE, INC.,

                Defendant.

----------------------------------X

A P P E A R A N C E S:

    <u>Attorneys for Plaintiff</u>

    STEIN & STEIN
    1 Railroad Square
    Haverstraw, NY 10927
    By: William M. Stein, Esq.


    <u>Attorneys for Defendant</u>

    MANNARINO AND CANDELA, PC
    275 Madison Avenue, #1105
    New York, NY 10016
    By: Steven Candela, Esq.

**Sweet, D.J.**

Defendants, Akram Younis d/b/a American Dream Limousine Service, ("Younis") and Lyudmila Younis ("Mrs. Younis") (collectively the "Defendants") have moved under Rule 60(b), F.R.Civ.P. to set aside the default judgment of March 9, 2006 in the amount of $230,454.81 obtained against them by plaintiff Orix Financial Services, Inc. f/k/a Orix Credit Alliance, Inc. ("Orix" or the "Plaintiff"). For the reasons set forth below, the motion of Mrs. Younis is granted, and that of Mr. Younis is denied.

This action to enforce three conditional sale contract notes relating to the purchase of three limousines was filed on December 15, 2005. The default judgment was entered on March 9, 2006.

The instant motion was marked fully submitted on December 22, 2006.

Mrs. Younis has denied executing the guarantees of the notes from which her liability is alleged. She has also denied receiving the copy of the complaint served upon the agent designated in the guarantees, although the certified mail receipt bears a signature. On the record here presented, her denial of the execution of the guarantees is unrebutted.

1

Younis also denies the execution of the notes and participating in the transactions, suggesting that the forged signatures were placed on the notes by his former partner. Orix has, however, submitted unrebutted evidence that Younis made a substantial number of partial payments on each of the notes. His denial of participation has not been substantiated.

Therefore, the motion of Mrs. Younis to vacate the default judgment is granted and the motion of Younis for the same relief is denied.

It is so ordered.

New York, NY
February  21 , 2007

ROBERT W. SWEET
U.S.D.J.